In the Matter of the Accounting of JOHN F. RYAN et al., as Executors of ROSE A. WALSH, Deceased.

Surrogate's Court, New York County, March 10, 1953.

*Keogh, Brennan & Maged* for executors, petitioners.

*Irving M. Maron,* special guardian for William Ryan and others, respondents.

*John T. Magan* for Little Sisters of the Poor in the City of New York, respondent.

*N. Holmes Clare* for Lavelle School for the Blind, respondent.

*Hofheimer, Gartlir & Hofheimer* for New York Guild for the Jewish Blind, respondent.

*Joseph V. McKee* for New York Foundling Hospital, respondent.

COLLINS, S. The first article of decedent's will contains a usual direction for payment of debts, funeral costs and administration expenses. The second article of the will bequeaths general legacies to seven residents of Eire. The third article of the will bequeaths eighteen general legacies to relatives and friends of the testatrix. The fourth article of the will bequeaths eight general legacies to friends of the testatrix. The fifth article of the will bequeaths five general legacies to charities.

The sixth article of the will provides a stipulation against apportionment of estate taxes. The seventh article of the will disposes of the residuary estate in the following language: " I direct my executors hereinafter named to distribute to and among the foregoing distributees all the rest, residue and remainder of my estate, both real and personal, in the same share and proportion as the legacy of each bears to the total amount of legacies distributed above."

The executors ask the court to construe the quoted provision. A codicil to the will specifically bequeaths certain tangible personalty and thereby diminishes the extent of the residuary estate payable under the seventh article of the will proper but the text of the codicil does not affect the construction question.

The court construes the will as expressive of an intention to divide the residuary estate among the general legatees in the ratios which their respective legacies bear to the total sum of the pecuniary legacies. Ambiguity exists in the seventh article of the will only by reason of the use of the word " distributees " by the draftsman of the instrument. The court concludes that the testatrix did not intend the technical construction of the word " distributees " that is found in section 47-c of the Decedent Estate Law. The application of a technical definition would effect a substantial intestacy since many of the individual legatees are in nowise related to the testatrix and, of course, such a construction would exclude the charities as participants in the residuary estate. Here the phrase " to distribute " is used as synonymous with " to pay " and this is demonstrated particularly by the locution " legacies distributed " which is indicative of the nontechnical thinking of a layman respecting the payment of legacies.

The residuary estate will be divided among the legatees who take under the second, third, fourth and fifth articles of the will. Any lapsed general legacy will be disposed of as part of the residuary estate to the same residuary legatees.

The fee of the attorneys for the executors to which no objection has been interposed is allowed in the amount requested.

Submit decree on notice construing the will and settling the account.